UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br> Plaintiffs, <br><br> -against- <br><br> PRIME INSTALLATIONS INC. and G & S CONCEPTS, INC., <br><br> Defendants. | 24 CV 8250 (LGS) <br><br> ~~PROPOSED~~ **DEFAULT JUDGMENT** |

The Summons and Complaint having been duly served on Defendants Prime Installations Inc. ("Prime") and G & S Concepts, Inc. ("G&S", together with Prime, "Defendants") and proofs of such service having been filed with the Court on December 6, 2024 and November 20, 2024, respectively, and Defendants having failed to file an Answer to said Complaint within the time prescribed by law and so ordered by this Court, and said default having been duly noted by the Clerk of this Court on January 7, 2025; and Defendants having failed to appear at the show-cause hearing on February 18, 2025.

**NOW**, on the motion of Virginia & Ambinder, LLP, attorneys for Plaintiffs Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and Carpenter Contractor Alliance of Metropolitan New York ("Plaintiffs"), it is hereby:

**ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**; and it is further

**ORDERED AND ADJUDGED** that Plaintiffs have judgment against Defendant Prime, with its principal place of business at 578 Midwood Drive, Brick Township, New Jersey 08724, and Defendant G & S, with its principal place of business at 278 Cheesequake Road, Unit M, Parlin, New Jersey 08859, as follows:

1. Declaring that Prime and G & S are alter egos, successors, and/or constitute a single employer, such that both Defendants are bound by the CBA and are jointly and severally liable for each other's debts and obligations under the CBA and ERISA;

2. ~~Awarding Plaintiffs $612,566.92, representing the balance of the 2024 Judgment entered against Prime;~~ Awarding Plaintiffs an amount to be determined by Magistrate Judge Robyn F. Tarnofsky in a damages inquest.

3. Directing G & S to submit to an audit of its books and records by Plaintiffs for the period of October 18, 2018 through present and allowing Plaintiffs 30 days from the completion of this audit to make further submissions to the Court regarding damages revealed by said audit;

4. ~~Awarding Plaintiffs attorneys' fees and costs of $11,429.80;~~

5. ~~Awarding Plaintiffs post-judgment interest at the statutory rate~~; and

6. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: _____February 20_____, 2025
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

"[A] defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).  "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law."  *Id.*

Subject-matter jurisdiction is proper, as Plaintiff brings his claim under federal law.  Personal jurisdiction is also proper pursuant to CPLR 302(a)(2) and 29 U.S.C. § 1132(e)(2).

The Complaint adequately alleges that Defendant G&S Concepts, Inc., is bound by the CBA and is jointly and severably liable for Defendant Prime Installations, Inc.'s debts and obligations pursuant to the CBA and ERISA.  The Complaint alleges that both Defendants G&S Concepts, Inc., and Prime Installations, Inc. operated as a single, integrated employer with interrelated operations and management.  The Complaint also alleges that both Defendants used the same work equipment and had substantially identical management, customers and business purposes.  Thus, the Complaint sufficiently alleges that Defendant G&S Concepts, Inc., is Defendant Prime Installations, Inc.'s "alter ego" and is "automatically responsible for [Prime Installations'] legal and contractual obligations under the labor laws."  *See Nat'l Lab. Rels. Bd. v. Newark Elec. Corp.*, 14 F.4th 152, 165 (2d Cir. 2021).

Default judgment is granted on Plaintiff's claim for a declaratory judgment that Defendant Prime Installations, Inc. and G&S Concepts, Inc. are alter egos such that both Defendants are bound by the CBA and jointly and severally liable for each other's obligations under the CBA and ERISA.  A referral to Magistrate Judge Robyn F. Tarnofsky for a damages inquest will issue separately.