UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, et al.,<br><br>                Plaintiffs,<br><br>  -against-<br><br>PRIME INSTALLATIONS INC., et al.,<br><br>                Defendants. | 24-CV-8250 (LGS) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On February 20, 2025, Judge Lorna G. Schofield entered a default judgment in this action against Defendants Prime Installations Inc. and G & S Concepts, Inc. (the "Defaulting Defendants."). (*See* ECF No. 42.) That same day, Judge Schofield referred this matter to me to conduct an inquest to determine appropriate damages. (*See* ECF No. 41.)

By **March 24, 2025**, Plaintiffs shall file the following materials in support of their application for damages after Defaulting Defendants' default:

    1.    <u>Proposed Findings of Fact and Conclusions of Law</u>. Plaintiffs shall file their Proposed Findings of Fact and Conclusions of Law, which must include:

        a.    <u>The basis for entering a default judgment</u>. The Proposed Findings of Fact and Conclusions of Law must include a description of the method and date of service of the summons and complaint and the procedural history beyond service. Before a judgment can be entered and damages or other

relief can be awarded, even after default, the Court must be satisfied that it has personal jurisdiction over Defaulting Defendants. *See Sheldon v. Plot Com.*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), *report and recommendation adopted*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, No. 09-cv-0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, No. 09-cv-576 (NGG) (ALC), 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where there was "no indication on the docket that [defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), *report and recommendation adopted*, No. 09-cv-576 (NGG) (ALC), 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010). Plaintiffs are advised that failure to adequately establish service on Defaulting Defendants may result in denial of Plaintiffs' request for a default judgment against Defaulting Defendants.

b. <u>The basis for the Court's exercise of subject matter jurisdiction</u>. The Court must be satisfied that it has subject matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at *9 (citing *Steel Co. v. Citizens for a*

> *Better Env't*, 523 U.S. 83, 93-102 (1998)) ("[C]ourts may not reach the merits of a claim before establishing subject matter jurisdiction.").

c. <u>The basis for Defaulting Defendants' liability</u>. The Court must also be satisfied that the well-pleaded allegations contained in the complaint, which are taken as true after default, are sufficient to state a claim against Defaulting Defendants. *See Sheldon*, 2016 WL 5107072, at * 5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."). The Proposed Findings of Fact and Conclusions of Law must demonstrate, with reference to specific factual allegations contained in the complaint, that those allegations are sufficient to establish Defaulting Defendants' liability for each cause of action asserted against them.

d. <u>The basis for and calculation of all damages and other monetary relief permitted in connection with a judgment against Defaulting Defendants</u>. The Proposed Findings of Fact and Conclusions of Law shall contain a

concluding paragraph that succinctly summarizes the exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought from Defaulting Defendants.

2. <u>Evidentiary Support for Claimed Actual Damages</u>. Plaintiffs must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if Plaintiffs seek actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact and Conclusions of Law must be supported by one or more declarations or affidavits on personal knowledge, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiffs' request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that supports each such proposed finding. In addition, the Proposed Findings of Fact and Conclusions of Law should demonstrate how Plaintiffs have arrived at the proposed damages figure and should specifically tie the proposed damages to their legal claim(s) against Defaulting Defendants.

3. <u>Support for Requested Attorneys' Fees.</u> Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiffs must also submit admissible

evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting Plaintiffs' costs and expenses.

If Plaintiffs intend to rely on any prior submissions for any of the above-listed requirements for supporting their application for a damages judgment against Defaulting Defendants, then Plaintiffs shall so state in a letter, to be filed by March 6, 2025, which letter must 1) identify the requirement for which Plaintiffs intend to rely on a prior submission and 2) identify the ECF docket number(s) and page(s) on which Plaintiffs intend to rely to support each such requirement.

Plaintiffs are further **ORDERED** that, prior to filing, Plaintiffs shall serve Defaulting Defendants by mail and email with Plaintiffs' Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiffs shall file proof of such service along with their Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(a)(3) ("[A]ny party seeking a default judgment must file . . . a certificate of service stating that all documents in support of the request for default judgment . . . and any papers required by this rule, have been personally served on, or mailed to . . . the party against whom default judgment is sought.").

And it is further **ORDRED** that, no later than **April 14, 2025**, Defaulting Defendants shall serve upon Plaintiffs' counsel and file with the Court their responses, if any, to Plaintiffs' Proposed Findings of Fact and Conclusions of Law and supporting materials.

The Court hereby notifies the parties that it may conduct the damages inquest based solely upon the written submissions of the parties. *See Finkel v. Romanowicz*, 577 F.3d 79, 87

(2d Cir. 2009) (Rule 55(b) "permit[s], but [does] not requir[e], a district court to conduct a hearing before ruling on a default judgment"); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523- 24, 526-27 (S.D.N.Y. 2012) (adopting the magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following default judgment against the defendant, without an evidentiary hearing). To the extent any party seeks an evidentiary hearing, such party must set forth in its submissions the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

DATED: March 3, 2025
      New York, New York

SO ORDERED.

_____
ROBYN F. TARNOFSKY
United States Magistrate Judge