UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                  :

TRUSTEES OF THE NEW YORK CITY      :
DISTRICT COUNCIL OF CARPENTERS   :
PENSION FUND, WELFARE FUND, ANNUITY :
FUND et al.,                               :

                     Plaintiffs,  :

                                 :       24 Civ. 8250 (LGS)

         -against-        :

                                 :       **ORDER**

PRIME INSTALLATIONS INC. & G&S    :
CONCEPTS, INC.,                  :

                    Defendants.  :

                                 :
-------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Order entered February 20, 2025, Plaintiffs were granted a default judgment against Defendants on Plaintiffs' claims brought under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, and the parties' collective bargaining agreement. Plaintiffs' request for damages was then referred to Magistrate Judge Robyn F. Tarnofsky for a damages inquest.

WHEREAS, on March 2, 2026, Plaintiffs filed a motion to compel Defendant G&S Concepts, Inc. ("G&S") to comply with the portion of the judgment directing G&S to produce its books and records for inspection.  Plaintiffs also seek $2,457.10 for attorneys' fees and $2.07 for costs incurred in connection with the motion to compel.

WHEREAS, on March 20, 2026, Judge Tarnofsky issued a Report and Recommendation (the "Report") recommending that Plaintiffs be awarded $624,635.58, consisting of $612,566.92 in damages and $12,068.66 in reasonable attorneys' fees and costs, and post-judgment interest at the statutory rate.

WHEREAS, the Report's recommendation is based on findings that Plaintiffs are entitled to (1) $612,566.92 in damages against Defendant Prime Installations, Inc. and its alter ego, G&S;

(2) reasonable attorneys' fees of $11,312.30, which is an approximately 50% reduction from Plaintiffs' requested amount; (3) $756.36 in costs and (4) post-judgment interest, which is mandatory on a money judgment in a civil case, see 28 U.S.C. § 1961.

WHEREAS, the Report states that the parties "shall have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections," and a "party may respond to another party's objections within fourteen days after being served with a copy."

WHEREAS, Plaintiffs' Certificate of Service at Dkt. 53 confirms that Defendants were served with the Report on March 23, 2026.

WHEREAS, no objection to the Report was filed.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When neither party objects to a magistrate judge's report, the district court will review the report only for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

WHEREAS, there is no clear error on the face of the record as to the Report. It is hereby

**ORDERED** and **ADJUDGED** that the Report is **ADOPTED** in full. Plaintiffs are awarded $624,635.58, consisting of $612,566.92 in damages, $11,312.30 in reasonable attorneys' fees and $756.36 in costs, and post-judgment interest at the statutory rate. It is further

**ORDERED** that, by **April 17, 2026**, Plaintiffs shall file a letter stating whether they intend to withdraw the motion to compel at Dkt. 48, and if not, the reasons why entry of judgment does not constitute effective relief.

The Clerk of Court is respectfully directed to enter judgment and close the case.

Dated: April 10, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE